UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TABITHA CHRISTINE HARTER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 3:14-cv-05313-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

This matter is before the Court on plaintiff's filing of a motion for attorney fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). *See* Dkt. 17. Plaintiff seeks a total of $7,193 in attorney's fees. *See* Dkt. 19-1. After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the Court finds that for the reasons set forth below plaintiff's motion should be granted.

FACTUAL AND PROCEDURAL HISTORY

On March 6, 2015, the Court issued an order reversing defendant's decision to deny plaintiff's application for disability insurance benefits, and remanding this matter for further administrative proceedings. *See* Dkt. 15. Specifically, the Court found the ALJ erred in evaluating disability ratings from the Department of Veterans Affairs ("VA"), in evaluating the medical opinion evidence from Paul J. Marano, Ph.D., and Harry Atlas, Ph.D., and in evaluating the side effects of plaintiff's pain medication, and thus in assessing plaintiff's residual functional capacity and in finding her to be capable of performing other jobs existing in significant numbers

ORDER - 1

in the national economy. On May 17, 2015, plaintiff filed her motion for attorney fees. *See* Dkt. 17. As defendant has filed her response to that motion, and plaintiff has filed her reply thereto, this matter is now ripe for the Court's review.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).[1] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four therefore "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854.

ORDER - 2

given that as discussed above, this case has been remanded for further administrative proceedings. In addition, defendant does not argue that there are – nor do there appear to be – any special circumstances making an award of attorney's fees unjust.

As noted above, to be entitled to attorney fees under the EAJA defendant's position also must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565); *see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce*, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. *See Gutierrez*, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." *Id.* at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly,

ORDER - 3

the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988).

Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not" (*Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11)), and the EAJA creates "a presumption that fees will be awarded unless the government's position was substantially justified" (*Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified)). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*, 149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

Defendant argues her position in regard to each of the issues with respect to which the Court found reversible error was substantially justified. The Court disagrees. The ALJ stated he gave little to no weight to the VA disability ratings, because "the record in this case . . . does not support a finding of, 'disabled' for all the reasons articulated above," and because "the Social Security Administration is not bound by the determination of other agencies, and makes its own findings regarding disability." Dkt. 15, p. 5 (quoting Administrative Record ("AR") 27-28). The ALJ's first articulated basis for rejecting the VA rating decisions is hardly specific in that it fails to explain what those "reasons articulated above" in fact were and why they were applicable to the rating decisions. The second basis though technically true, fails to recognize that the ALJ still must provide "persuasive, specific, valid reasons" for giving less weight to a rating decision that are supported in the record – beyond the mere fact that the Social Security Administration is not

ORDER - 5

bound by another agency's determination – given "the marked similarity" of the two federal disability programs. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). These were "basic and fundamental" procedural mistakes on the part of the ALJ. The government's defense thereof thus was not substantially justified.

With respect to the opinion of Dr. Marano, the Court found the ALJ "failed to identify the specific evidence contained in the 'longitudinal record' that conflicts with Dr. Marano's findings that plaintiff's PTSD has worsened," and "provided only a conclusory statement that the record does not support Dr. Marano's finding, which is insufficient to reject a physician's opinion." Dkt. 15, p. 9. The ALJ's failure to provide specific and legitimate reasons for rejecting Dr. Marano's opinion here amounts to a "basic and fundamental" procedural mistake – as it clearly had no reasonable basis in fact – and therefore the government was not substantially justified in defending it. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (even when contradicted, treating or examining physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record"); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (rejection of treating physician's opinion on ground that it was contrary to clinical findings was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify rejection of medical opinion).

Similarly, the ALJ committed a "basic and fundamental" procedural mistake in rejecting the opinion of Dr. Atlas on the basis that that opinion conflicted with Dr. Atlas's own objective findings, when Dr. Atlas in fact found plaintiff had marked limitations. Thus, while an ALJ need not accept the opinion of even a treating physician if inadequately supported by clinical findings,

ORDER - 6

the record does not show that to actually be the case here, and therefore the ALJ's determination cannot be said to have a reasonable basis in fact. The same is true in regard to the ALJ's second basis for rejecting Dr. Atlas's opinion – that it was contradicted by plaintiff's activities – when in fact the record does not show this to be true, and the ALJ's rejection of that opinion on the basis that the "very low GAF score" Dr. Atlas gave plaintiff was based "in part on her financial need, and not on the medical severity of her PTSD," when in fact Dr. Atlas expressly explained that that GAF score was solely the result of plaintiff's PTSD and panic reactions. Dkt. 15, p. 11-12 (quoting AR 27).

Lastly, the Court found the ALJ erred in failing to reconcile plaintiff's prescription for oxycodone, and the vocational expert's testimony that an individual taking that medication would "not necessarily be able to do the jobs [the vocational expert identified] because typically being on these types of [opioid narcotic] pain medications is not allowed due to the fact that it can be dangerous and cause problems for the worker." Dkt. 15, p. 20 (citing AR 68). This is "significant probative evidence," in that it clearly has a significant bearing on whether plaintiff could perform the jobs identified by the vocational expert, and therefore should have been properly addressed by the ALJ. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). Given the ALJ's duty to expressly address the issue of plaintiff's prescription for oxycodone and its potential vocational impact, his failure to do so constituted "a basic and fundamental" procedural mistake, and thus the government's position in defending that mistake was not substantially justified.

For the foregoing reasons the Court finds plaintiff's motion for attorney fees pursuant to the EAJA (*see* Dkt. 17) should be granted. Accordingly, the Court hereby orders:

ORDER - 7

(1) Plaintiff is granted attorney fees in the amount of $7,193.[3]

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney Christopher T. Lyons at his address: P.O. Box 1645, Coupeville, WA 98239.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

DATED this 15th day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[3] This includes the additional $475.00 in attorney's fees plaintiff is seeking for time spent working on her reply to defendant's response to defendant's response to her motion for attorney's fees. *See* Dkt. 19-1, p. 2; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER - 8